IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EL COMANDANTE MANAGEMENT | : | Case No. 04-10938 |
| COMPANY, LLC, et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ———————————————— | : | |
| | : | |
| WIGBERTO LUGO MENDER as | : | |
| LITIGATION TRUSTEE under EL | : | |
| COMANDANTE RACETRACK LITIGATION | : | |
| TRUST AGREEMENT AND DECLARATION | : | |
| OF TRUST. | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No. 07-00095 |
| | : | |
| v. | : | |
| | : | |
| EQUUS ENTERTAINMENT CORP., | : | |
| JAMES WILSON, BARBARA WILSON, | : | |
| AND THEIR CONJUGAL PARTNERSHIP, | : | |
| THOMAS WILSON, JANE WILSON, AND | : | |
| THEIR CONJUGAL PARTNERSHIP, | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |

## OPINION AND ORDER

This case is before the court on a motion for summary judgment filed by Defendants on May 8, 2007 (Docket No. 7). El Comandante Racetrack Litigation Trust Agreement and Declaration Trust through Mr. Wigberto Lugo Mender, in his capacity as Litigation Trustee of the Litigation Trust (the "Plaintiff") filed Opposition to Motion for Summary Judgment on June 14, 2007 (Docket No. 11). On that same date the Plaintiff filed Statement of Additional Uncontested Material Facts (Docket No. 12). In turn, on June 20, 2007, Defendants filed a reply to Plaintiff's opposition to the motion for summary judgment (Docket No. 15). For the reasons

stated below Defendants' motion for summary judgment is denied in part and granted in part.

On April 11, 2007 the Plaintiff, Mr. Wigberto Llugo as the Litigation Trustee, filed a complaint against Defendants to avoid and recover preferential and/or fraudulent transfers pursuant to §§ 544, 547 and 548 of the Bankruptcy Code. Defendants request summary judgment alleging that the complaint is time-barred because the tolling agreements signed by Mr. James Wilson and Mr. Stanley Pinkerton are invalid under Puerto Rico law, and are not binding upon Mr. Thomas Wilson, his wife and their conjugal partnership, and Mrs. Barbara Wilson and her conjugal partnership with Mr. James Wilson. Defendants explain that on October 11, 2006 co-defendants Equus Entertainment Corporation ("Equus") and Mr. James Wilson executed two tolling agreements including the following language "[t]his Tolling Agreement shall be governed by the laws of the Commonwealth of Puerto Rico". Defendants argue that under Puerto Rico law the prescription term could not be extended. Furthermore, they argue that the remaining Defendants; Mrs. Barbara Wilson; her conjugal partnership with Mr. James Wilson, Mr. Thomas Wilson, Jane Wilson, and their conjugal partnership, are not signatories of the tolling agreements and, thus, are not bound by them.

In his opposition to the motion for summary judgment Plaintiff argues that: the tolling agreements are valid under the applicable federal bankruptcy law which preempts any limitation imposed under Puerto Rico law, if any exists. Plaintiff further argues that the tolling agreements are valid pursuant to Puerto Rico law, that the Defendants are estopped from arguing that an extension of the term provided in section 546(a) is invalid and void, and that the tolling agreements are valid as to Mrs. Barbara Wilson, Mr. Thomas Wilson, his wife, and their respective conjugal partnerships. Plaintiff explains that when a contract includes a particular state choice of law provision, the same cannot preempt or limit the application of federal law. Furthermore, Plaintiff argues that Congress' intent upon enacting § 546(a) was that the

- 2 -

limitations period provided therein be subject to extension through agreement between the parties, and that consistent with Congress' intent, bankruptcy courts have held that the § 546(a) term to file actions to avoid preferences may be modified, extended and/or tolled by agreement. The Plaintiff also states that even if this court were to consider Puerto Rico law, a temporary tolling of the prescription period is valid.  As to why Defendants are estopped from raising the invalidity of the tolling agreements, Plaintiff states that the Defendants proposed, drafted and submitted to the Indenture Trustee the tolling agreements, requesting that the Indenture Trustee delay the filing of avoidance actions and extending the period to file until April 11, 2007.  The tolling agreements were executed by Defendants because if Debtors' or Caribbean Thoroughbred's plan of reorganization had been confirmed, instead of the Indenture Trustee's plan, the avoidance actions would not have been filed, and Defendants would have avoided defending themselves from these actions.  Finally, Plaintiff argues that Mr. James Wilson's execution of the tolling agreement is the type of "administrative act" recognized under Puerto Rico law (art. 93 of the Civil Code, 31 L.P.R.A. § 286) as binding on the community property and the conjugal partnership, thus, the tolling agreement is enforceable against Mrs. Barbara Wilson.  Furthermore the agreements are enforceable against Mrs. Barbara Wilson, Mr. Thomas Wilson and his wife and their conjugal partnerships, because Mr. James Wilson had "implied and/or apparent authority to act on their behalf.  The Plaintiff cites the District Court for the District of Puerto Rico case of Green v. Davila, 392 F. Supp. 533, 537 (D.P.R. 1975) regarding apparent authority.

> Apparent authority is a concept which arises when certain basic premises are established: (1) that the principal has manifested his consent to the exercise of such authority or has knowingly permitted the agent to assume the exercise of such authority[;] ...(2) that the third person knew of the facts and, acting in good faith, had reason to believe, and did in fact and actually believe, that the agent had the authority to act on behalf of the principal in binding him to contractual obligations[;] ... and (3) that the third person, relying on such appearance of authority, has changed his position and is injured or suffered a loss.

- 3 -

Opposition to Motion for Summary Judgment, Docket No. 11, page 20.

The Plaintiff argues that all three elements of the concept of "apparent authority" were met in this case. Implied authority, states the Plaintiff, may arise either through an express grant of authority or "independently ... as from some manifestation from the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." 3 Am Jur. 2d Section 75. The Plaintiff's reasoning is that because Mr. James Wilson represented, under oath, in the tolling agreement, that he had the authority to sign on behalf of his wife, son and daughter in law, he must have thought he had the authority from them to act on their behalf from their manifestations. In any event, according to Plaintiff, the authority Mr. James Wilson had to act on behalf of his wife, son and daughter in law presents a genuine issue of material fact precluding summary judgment in this case. However, Plaintiff did not submit any evidence showing that Mr. James Wilson had the authority to act on behalf of his wife, son and/or daughter in law.

In the reply to Plaintiff's opposition Defendants reiterate that the tolling agreements are invalid under Puerto Rico law and under federal law. In support of their position Defendants cite bankruptcy cases and the Supreme Court case of <u>Midstate Horticultural Co., Inc. v. Pennsylvania Railroal Company</u>, 320 U.S. 356 (1943) involving whether an action under § 16(3)(a) of the Interstate Commerce Act was brought in time. According to the Defendants the Supreme Court reasoned that if the cause of action is one created by statute the parties may not modify the limitations period but if the cause of action arises from the common law, the bar may be waived by contract or otherwise. Defendants conclude that these causes of action are by constitutional definition statutory, therefore the bar is absolute and invariable. Defendants refute the Plaintiff's arguments that under the Civil Code of Puerto Rico the tolling agreements are valid because the limitations period such as the one in this case, can be modified or extended through an agreement

- 4 -

between the parties.  Defendants further argue that the tolling agreements fail to specify that Mr. James Wilson was signing on behalf of his family members, whereas it clearly identifies that he was signing on behalf Equus and in his personal capacity, and Mr. Stanley Pinkerton on behalf of El Comandante Management Company, LLC, Housing Development Associates, S.E. and El Comandante Capital Corp.

Findings of Fact

The following material facts are stipulated as being uncontested:

1.  On October 15, 2004 debtors El Comandante Management Company, LLC, Housing Development Associates, S.E. and El Comandante Capital Corp. (collectively "Debtors"), filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code at which time the order for relief was entered.

2.  On October 11, 2006, two tolling agreements were executed (the "Tolling Agreements"). Ex. 1 and 2.  Mr. James J. Wilson and Mr. Stanley Pinkerton were the only signatories to these contracts.

3.  Mrs. Barbara Wilson and Mr. Thomas Wilson are respectively, the wife and the son of Mr. James J. Wilson.

*Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1ˢᵗ Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "The summary-judgment procedure

- 5 -

authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id.

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325.

- 6 -

See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159. The court must interpret the record in the light most favorable to the nonmoving party, reconciling all competing inferences in that party's favor. However, "[n]either wishful thinking ... nor conclusory responses unsupported by evidence will serve to defeat a properly focused Rule 56 motion." Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11 (1st Cir. 2007) citing Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

Discussion

*Limitations Period*

This action was filed on April 11, 2007 under §§ 544, 547 and 548 of the Bankruptcy Code. The time period within which one may file such actions is found in section 546(a), which provides as follows:

- 7 -

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of -
>
>> (1) the later of -
>>
>>> (A) 2 years after the entry of the order for relief; or
>>>
>>> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>>
>> (2) the time the case is closed or dismissed.

11 USC § 546(a). Therefore, an action pursuant to §§ 547 and 548 may be initiated within two years from the entry of the order for relief (the filing date) if a trustee is not appointed during that two year period. In this case the applicable time limit to file an action under §§ 544, 547 and 548 was 2 years from October 15, 2004, that is, until October 15, 2006. Although some courts have found otherwise[1], the better view is that the statute of limitations of § 546(a) is not jurisdictional in nature, thus a defendant may waive it as a defense and the limitations period may be extended by stipulation between the parties to the proceeding. 5 Lawrence P. King, Collier on Bankruptcy, ¶ 546.02[4] page 546-20 (15th ed rev'd Rel. 102-6/2007), citing 140 Cong. Rec. E 2204(Oct 8, 1994); In re Shape, 138 B.R. 334, 337 (Bankr. D. Me. 1992) ("Given the legislative history and the opinion expressed in the foregoing case, this Court finds no reason to interpret § 546(a) as a jurisdictional grant. Instead, this section prescribes a statute of limitations which, like any other, may be extended by agreement of the parties.") The legislative history of the enactment of section 546(a) of the Bankruptcy Code contains the following excerpt supporting the viewpoint that the time period set forth in § 546(a) may be extended or modified by agreement:

> This section defines the applicable statute of limitation period under section 546(a)(1) of the Bankruptcy Code as being two years from the entry of an order of relief or one year after the appointment of the first trustee if such appointment occurs before the expiration

---

[1] We have found none within the First Circuit.

- 8 -

of the original two-year period. Adoption of this change is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1).

The section is not intended to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. **Further, the time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.**

140 Cong Rec E 2004 (emphasis ours). However, Defendants maintain that the § 546(a) limitations period is jurisdictional and thus, not subject to modifications. Defendants mainly rely on the Supreme Court case of Midstate Horticultural Co., v. Pennsylvania Railroad Company, 320 U.S. 356 (1943) in support of their position that the tolling agreements executed in this case are invalid. However, we find the Midstate case inapplicable here because, as cited by Defendants, the Midstate Court found that "the agreement is invalid as being contrary to the intent and effect of the section and the Act [the Interstate Commerce Act]" *Id.* at 358-359. The Court seemed most concerned with the intent of Congress enacting this legislation as shown in the following excerpt:

We do not think the decision should turn on refinements over whether the residuum of freedom to contract which the Act leaves to the parties or the quantum of restriction it imposesconstitutes the gist of the action. Origin of the right is not per se conclusive whether the limitation of time 'extinguishes' it or 'merely bars the remedy' with the accepted alternative consequences respecting waiver. Source is merely evidentiary, with other factors, of legislative intent whether the right shall be enforceable in any event after the prescribed time, which is the ultimate question.

In this case however, we know, as expressed in the legislative history, that Congress' intent was that the time limits not be jurisdictional and be subject to modification and extension.

The Defendants' argument that Puerto Rico law governs in this situation is without merit. While we acknowledge that the Tolling Agreements specifically provide that they "shall be governed by the laws of the Commonwealth of Puerto Rico", the limitations period to file the action subject to the Tolling Agreements is controlled by the Bankruptcy Code. Whether the

- 9 -

limitations period to file an action under §§ 544, 547 and 548 could be extended or not must be found in the interpretation of § 546(a) and nowhere else because it is § 546(a) of the Bankruptcy Code the statute that sets forth the time frame to file such an action. Whether the Tolling Agreements themselves are valid or not is governed by the laws of Puerto Rico as set forth in these agreements.

*Conjugal Partnership*

Plaintiff argues that the Tolling Agreements are enforceable against the conjugal partnership between Mr. James Wilson and Mrs. Barbara Wilson because under Puerto Rico law any of the spouses can legally represent and bind the conjugal partnership. Art. 93 of the Civil Code of Puerto Rico provides as follows:

> Save as provided in § 284 of this title, either of the spouses may legally represent the conjugal community. Any unilateral administration act of one of the spouses shall bind the community property [*sociedad legal de gananciales*] and shall be presumed valid to all legal effects.

31 L.P.R.A. § 286 (original Spanish text in brackets). The exception referred to in Section 284 of title 31 is that "[t]he real property of the conjugal community may not be alienated or encumbered, under penalty of nullity, except with the written consent of both spouses. The execution of the Tolling Agreements does not implicate alienating or encumbering real property of the conjugal community. Therefore, Mr. James Wilson signed the Tolling Agreement in his personal capacity also binding his conjugal partnership (*sociedad legal de gananciales*) with Mrs. Barbara Wilson, if one exists. The execution of the Tolling Agreement is one such "unilateral administrative act" referred to in Art. 93. See, Urbino v. San Juan Racing Assoc., Inc., 141 D.P.R. 210, 215 (1996)(Individually each spouse has the capacity to represent the conjugal partnership (*sociedad legal de gananciales*) before the courts, even without including or mentioning the conjugal partnership or the other spouse.)

- 10 -

However, this court has not been presented with facts that would lead it to conclude that a conjugal partnership or *sociedad legal de gananciales* between Mr. James Wilson and his wife Mrs. Barbara Wilson exists.  The complaint alleges that Mr. James Wilson and his wife are citizens of a jurisdiction other than Puerto Rico.  Plaintiffs have not divulged where Mr. James Wilson married Mrs. Barbara Wilson, nor where they established their domicile.  The presence of any of the spouses in Puerto Rico is not sufficient for the marriage to be governed by our statutes related to the conjugal partnership or *sociedad legal de gananciales*.  Gearheart v. Haskell, 87 D.P.R. 57 (1963).  In view of the above, this court cannot determine that a conjugal partnership or *sociedad legal de ganaciales* between Mr. James Wilson and Mrs. Barbara Wilson exists, therefore article 93 of the Civil Code of Puerto Rico is inapplicable in this case.

*Mrs. Barbara Wilson and Mr. Thomas Wilson and spouse (the "Family Members")*

Defendants argue that Mr. James Wilson did not have the authority to sign the Tolling Agreements on behalf of his spouse, his son and his daughter in law, thus the agreements are not binding upon them.  We have read the Tolling Agreements carefully and they do not provide that Mr. James Wilson had the authority and was in fact signing on behalf of his Family Members. The body of the Agreements do not mention that Mr. James Wilson would appear representing his Family Members, and the signature block does not include the names of any of the Family Members appearing through Mr. James Wilson or anybody else.

The Plaintiff argues that this could be an genuine issue of material fact precluding the entry of summary judgment in this respect. As above stated a party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637

- 11 -

F.2d 816, 818 (1st Cir. 1980). The bare allegation, without any support, that Mr. James Wilson appeared in the Tolling Agreements in representation of his Family Members is not sufficient to defeat Defendant's request for summary disposition of this matter.

Conclusion

In view of the foregoing this court finds that the Tolling Agreements executed on October 11, 2006 are valid and enforceable against Mr. James Wilson and Equus Entertainment Corporation. Therefore, this court grants in part and denies in part the motion for summary judgment filed by Defendants.

The Clerk shall schedule a pre-trial.

SO ORDERED.

In San Juan, Puerto Rico, this 29th day of August 2007.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

*Exh. 1*

# TOLLING AGREEMENT

Effective as of October 11, 2006, (hereinafter the "Effective Date") the undersigned parties, hereby enter into this Tolling Agreement in consideration of the mutual promises made herein and other good and valuable consideration the sufficiency of which the parties hereto acknowledge and stipulate as indicated by their signatures hereto.

## Definitions

As used in this Tolling Agreement the following terms shall have the following meanings:

1.      "Equus" shall mean Equus Entertainment Corporation, its officers, directors, majority shareholder(s), and their respective spouses and conjugal partnerships if any;

2.      "Claimants" shall mean El Comandante Management Company, LLC, El Comandante Capital Corp. and Housing Development Associates, S.E., and their successors and assigns; and

3.      The term "Claim" or "Claims" means any and all claims which the Claimants may have against Equus including without limitation, any and all claims under 11 U.S.C. §§ 544, 547, 548, 550 and/or 553 and as applicable under the laws of the Commonwealth of Puerto Rico, including Puerto Rico Civil Code Art. 1249 et seq. as made applicable by 11 U.S.C. § 544.

## Agreements

In order to provide an adequate period of time in which to investigate any possible Claims by the Claimants against Equus, and in consideration of the Claimants postponing the prosecution of suit based upon one or more of the Claims against Equus for at least six (6) months from the Effective Date of this Tolling Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned Parties hereby unequivocally and irrevocably agree and stipulate for all purposes in all proceedings to exclude the period of time starting with the Effective Date of this Tolling Agreement through April 11, 2007 ("Tolling Period") from the calculation of any applicable statute of limitation, statute of repose, or other possible time related defense or statutory extension of deadline to file an action, howsoever arising including without limitation whether arising by common law, agreement, court order, or statute, including without limitation anything contained in the laws of the Commonwealth of Puerto Rico, the United States Code, the Bankruptcy Code or any plan or order of reorganization in *In Re: El Comandante Management Company, et al, Debtors, Bankruptcy Case No. 04-10938 et seq, Chapter 11, U.S. Bankruptcy Court , District of Puerto Rico.* The undersigned Parties hereby unequivocally and irrevocably agree and stipulate for all purposes in all proceedings that if suit is filed by the Claimants against Equus on the Claims on or before April 11, 2007, that such suit for purposes hereof shall be deemed to have been filed as of the Effective Date, and Equus will not interpose a defense, plea,

EQUUS ENTERTAINMENT CORPORATION TOLLING AGREEMENT                    Page 1

motion or argument that any Claim asserted by the Claimants against Equus is barred, expired or otherwise adversely affected due to the running of any statute of limitations, statute of repose, or any other time related defense during the Tolling Period, or any Claim is barred, expired or otherwise adversely affected by virtue of the inclusion of the Tolling Period in any period of limitations, repose, or other time related defense to any Claim averred in any such suit, or that any extension of the statute of limitation, statute of repose or other time-related defense extant at any time during the Tolling Period has expired or is of no effect, subject to the following:

1. If any applicable statute of limitation and any legal extension thereof whether by statute or otherwise expired prior to the Effective Date of this Tolling Agreement as to any portion of a Claim, Equus reserves the right to interpose such statute of limitation defense to such portion of such Claim which expired prior to the Effective Date of this Tolling Agreement; and

2. Nothing in this Tolling Agreement shall be used or construed as an admission of liability or a waiver of any other defense or claims not addressed herein, in whole or in part, by anyone, to any part of any Claim.

This Tolling Agreement may be executed in multiple counterpart originals. Facsimile copies of signatures to this Tolling Agreement are stipulated as valid as original signatures. This written Tolling Agreement is the entire agreement between the parties hereto and supersedes any other agreements, written or oral, that may exist between them relating to the tolling of the statute of limitations, statues of repose, and other time-related defenses. This Tolling Agreement may only be modified in writing executed by all parties hereto. This Tolling Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

Each individual signing this Tolling Agreement represents that they are authorized to sign on behalf of the respective entity and that they have been authorized to execute the agreement on behalf of such entity.

IN WITNESS WHEREOF, the undersigned Parties have executed this Tolling Agreement for the purpose and consideration herein expressed.

AGREED:

EQUUS ENTERTAINMENT CORPORATION

By _____

Its _____

City/County of __Loudoun__
Commonwealth of Virginia

BEFORE ME, the undersigned authority, a Notary Public in and for ~~Russel Williams~~ Virginia, on this day personally appeared _James Wilson_ , the ___CEO___ of Equus Entertainment Corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Subscribed and sworn to before me this __11__ day of October, 2006.

__Rebecca Logan Fay__, Notary Public

My Commission expires ____My Commission Expires
September 30, 2009

El Comandante Management Company, LLC,

By _____
Stanley J. Pinkerton/ Chief Financial Officer

El Comandante Capital Corp.

By _____
Stanley J. Pinkerton/ Acting Chief Fin. Officer

Housing Development Associates, S.E.

By _____
Stanley J. Pinkerton/ Acting Chief Fin. Officer

Affidavit No.: __3767__

Sworn and subscribe by me by Stanley Pinkerton, of legal age, married, property owner, and resident of San Juan, Puerto Rico, and identified by me with his Louisiana Driver License No. 003099466 which contains his photograph and its signed.

In San Juan, Puerto Rico, this 12th day of October, 2006.

_____
Notary Public

EQUUS ENTERTAINMENT CORPORATION TOLLING AGREEMENT                    Page 3

Case:07-00095-ESL    Doc#:7    Filed:05/08/2007    Page 13 of 15

*Exh. 2*

## TOLLING AGREEMENT

Effective as of October 11, 2006, (hereinafter the "Effective Date") the undersigned parties, hereby enter into this Tolling Agreement in consideration of the mutual promises made herein and other good and valuable consideration the sufficiency of which the parties hereto acknowledge and stipulate as indicated by their signatures hereto.

### Definitions

As used in this Tolling Agreement the following terms shall have the following meanings:

1.    "Wilson" shall mean James J. Wilson, his wife Barbara, his son Thomas and wife, and their respective conjugal partnerships as may exist under Puerto Rico law;

2.    "Claimants" shall mean El Comandante Management Company, LLC, El Comandante Capital Corp. and Housing Development Associates, S.E., and their successors and assigns; and

3.    The term "Claim" or "Claims" means any and all claims which the Claimants may have against Wilson including without limitation, any and all claims under 11 U.S.C. §§ 544, 547, 548, 550 and/or 553 and as applicable under the laws of the Commonwealth of Puerto Rico, including Puerto Rico Civil Code Art. 1249 et seq. as made applicable by 11 U.S.C. § 544.

### Agreements

In order to provide an adequate period of time in which to investigate any possible Claims by the Claimants against Wilson, and in consideration of the Claimants postponing the prosecution of suit based upon one or more of the Claims against Wilson for at least six (6) months from the Effective Date of this Tolling Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned Parties hereby unequivocally and irrevocably agree and stipulate for all purposes in all proceedings to exclude the period of time starting with the Effective Date of this Tolling Agreement through April 11, 2007 ("Tolling Period") from the calculation of any applicable statute of limitation, statute of repose, or other possible time related defense or statutory extension of deadline to file an action, howsoever arising including without limitation whether arising by common law, agreement, court order, or statute, including without limitation anything contained in the laws of the Commonwealth of Puerto Rico, the United States Code, the Bankruptcy Code or any plan or order of reorganization in *In Re: El Comandante Management Company, et al, Debtors, Bankruptcy Case No. 04-10938 et seq, Chapter 11, U.S. Bankruptcy Court , District of Puerto Rico.* The undersigned Parties hereby unequivocally and irrevocably agree and stipulate for all purposes in all proceedings that if suit is filed by the Claimants against Wilson on the Claims on or before April 11, 2007, that such suit for purposes hereof shall be deemed to have been filed as of the Effective Date, and Wilson will not interpose a defense, plea,

WILSON INDIVIDUAL TOLLING AGREEMENT                                        Page 1

Case:07-00095-ESL Doc#:7 Filed:05/08/2007 Page 14 of 15
Document Page 17 of 18

motion or argument that any Claim asserted by the Claimants against Wilson is barred, expired or otherwise adversely affected due to the running of any statute of limitations, statute of repose, or any other time related defense during the Tolling Period, or any Claim is barred, expired or otherwise adversely affected by virtue of the inclusion of the Tolling Period in any period of limitations, repose, or other time related defense to any Claim averred in any such suit, or that any extension of the statute of limitation, statute of repose or other time-related defense extant at any time during the Tolling Period has expired or is of no effect, subject to the following:

1.  If any applicable statute of limitation and any legal extension thereof whether by statute or otherwise expired prior to the Effective Date of this Tolling Agreement as to any portion of a Claim, Wilson reserves the right to interpose such statute of limitation defense to such portion of such Claim which expired prior to the Effective Date of this Tolling Agreement; and

2.  Nothing in this Tolling Agreement shall be used or construed as an admission of liability or a waiver of any other defense or claims not addressed herein, in whole or in part, by anyone, to any part of any Claim.

This Tolling Agreement may be executed in multiple counterpart originals. Facsimile copies of signatures to this Tolling Agreement are stipulated as valid as original signatures. This written Tolling Agreement is the entire agreement between the parties hereto and supersedes any other agreements, written or oral, that may exist between them relating to the tolling of the statute of limitations, statues of repose, and other time-related defenses. This Tolling Agreement may only be modified in writing executed by all parties hereto. This Tolling Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

Each individual signing this Tolling Agreement represents that they are authorized to sign on behalf of the respective entity and that they have been authorized to execute the agreement on behalf of such entity.

IN WITNESS WHEREOF, the undersigned Parties have executed this Tolling Agreement for the purpose and consideration herein expressed.

WILSON INDIVIDUAL TOLLING AGREEMENT                                              Page 2

AGREED:

JAMES J. WILSON

City/County of Loudoun
Commonwealth of Virginia

BEFORE ME, the undersigned authority, a Notary Public in and for Prince William, Virginia, on this day personally appeared James J. Wilson, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Subscribed and sworn to before me this __11__ day of October, 2006.

My Commission Expires

My Commission expires ____September 30, 2009____

El Comandante Management Company, LLC,                 El Comandante Capital Corp.

By _____                          By _____
Stanley J. Pinkerton/ Chief Financial Officer           Stanley J. Pinkerton/ Acting Chief Fin.Officer

Housing Development Associates, S.E.

By _____
Stanley J. Pinkerton/ Acting Chief Fin. Officer

Affidavit No.: __3765__

Sworn and subscribe by me by Stanley Pinkerton, of legal age, married, property owner, and resident of San Juan, Puerto Rico; and identified by me with his Louisiana Driver License No. 003099466 which contains his photograph and its signed.

In San Juan, Puerto Rico, this 12th day of October, 2006.

_____
Notary Public

WILSON INDIVIDUAL TOLLING AGREEMENT                                        Page 3