## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :
                                                :
EL COMANDANTE MANAGEMENT            :       Case No. 04-10938
COMPANY, LLC, et al.,               :       Chapter 11
                                                :
    Debtors.                        :       (Jointly Administered)
_____     :
                                                :
WIGBERTO LUGO MENDER as             :
LITIGATION TRUSTEE under EL         :
COMANDANTE RACETRACK LITIGATION     :
TRUST AGREEMENT AND DECLARATION     :
OF TRUST.                           :
                                                :
    Plaintiff,                      :       Adv. Proc. No. 07-00095
                                                :
v.                                  :
                                                :
EQUUS ENTERTAINMENT CORP.,          :
ET AL.                              :
                                                :
    Defendants.                     :
_____     :

## OPINION AND ORDER

This adversary proceeding is before the court on Defendants' Motion for Stay of Adversary Proceeding Pending Appeal ("Motion for Stay") filed on September 12, 2007 (Dkt. No. 46). El Comandante Racetrack Litigation Trust Agreement and Declaration Trust through Mr. Wigberto Lugo Mender, in his capacity as Litigation Trustee of the Litigation Trust (the "Plaintiff") filed an opposition to the Motion for Stay on September 14, 2007 (Dkt. No. 48) and Defendants filed a reply on September 18, 2007 (Dkt. No. 51).

On April 11, 2007 the Plaintiff, Mr. Wigberto Lugo as the Litigation Trustee, filed a complaint against Defendants to avoid and recover preferential and/or fraudulent transfers pursuant to §§ 544, 547 and 548 of the Bankruptcy Code. Defendants filed a motion for

summary judgment asserting, *inter alia*, that the causes of action are time barred because the validity of the extension of the Limitations Period through the Tolling Agreements must be analyzed solely under Puerto Rico law, as the Tolling Agreements provide that they "shall be governed by the laws of the Commonwealth of Puerto Rico". This court entered an order on August 29, 2007 denying the motion for summary judgment in part (Dkt. No. 34). A notice of appeal of said order ensued.

In the Motion for Stay Defendants argue that they meet the standard the courts have adopted when determining whether to grant a stay, that is, that they are likely to succeed on the merits of the appeal, that they will suffer irreparable harm if the stay is not granted because the continuation of the proceedings to judgment would render the appeal moot, that the Plaintiff will not be substantially harmed by the stay and that the public interest will be served by granting the stay. Defendants assert that the federal statute fixing the applicable statute of limitations does not contain a tolling provision "against which to gauge the validity vel non of the TA [Tolling Agreement]." Motion for Stay, Dkt. No. 46, p 8. According to Defendants the Tolling Agreement is null under Puerto Rico law, the law specifically chosen by the parties to the contract to govern the same, therefore because the statute of limitations was not effectively tolled, the action is time-barred. In turn, Plaintiff asserts that regarding Defendants likelihood to prevail on the appeal this court found in its August 29, 2007 Opinion and Order that Defendants' position is without merit, that mootness is insufficient to show irreparable injury sufficient for the court to grant a stay, that the Litigation Trustee and creditors will suffer irreparable injury if the stay is granted for the delay in distributing available funds, and that Defendants have failed to show that the granting of a stay is not against public interest.

In its reply to Plaintiff's objection Defendants argue, *inter alia*, that they are likely to prevail on the merits of the appeal because, again, there is no federal statute governing the tolling

- 2 -

of the limitations period, therefore, the contract's choice of Puerto Rico law must prevail.

For the reasons stated in Plaintiff's opposition the Motion for Stay is denied.

### Discussion

Fed R Bankr P 8005 provides in part as follows:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction[1] and will only be granted upon a showing of: the likelihood of prevailing on the merits of the appeal; that movant will suffer irreparable injury if the stay is denied; that the other party will not be substantially harmed by the stay; and that the public interest will be served by the granting of the stay. 9 Lawrence P. King Collier on Bankruptcy ¶8005.07 at page 8005-7 (15th Ed. Revised). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). However, failure to establish irreparable injury if the stay is denied, is sufficient to deny the stay requested. Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503 (1st Cir. 2005) ("Because PRHS cannot establish irreparable harm, the district court did not abuse

---

[1] 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005)

its discretion in denying the injunction".) "Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005). The threat of substantial loss of a business and possible bankruptcy qualify as irreparable harm needed to sustain a request for preliminary injunction. Foran v. Salem Inn, Inc., 422 U.S. 922, 932, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). To establish irreparable harm the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996). "If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." Id. For example "harm to goodwill, like harm to reputation, is the type of harm not readily measurable of fully compensable in damages-and for that reason, more likely to be found "irreparable"." K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989).

Plaintiff has failed to establish any of the factors applied to determine whether to grant a stay pending appeal. Firstly, this court does not believe that the appeal has a likelihood of success, Plaintiff has raised the same arguments presented in the motion for summary judgment and again this court reaches the same conclusion it did on August 29, 2007. The issue was not one of first impression.

Furthermore, this court cannot find that this appeal may become moot if the case is not stayed, or how such mootness may be interpreted as irreparable injury warranting the stay of the adversary proceeding pending the appeal.

- 4 -

In view of the foregoing, Defendants' Motion for Stay of Adversary Proceeding Pending Appeal is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 19th day of October 2007.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge